[S. F. No. 2089.   Department One. — April 10, 1901.]

HENRY M. MORSE, Appellant, v. EMMA S. McPHERSON STEELE, Executrix, etc., Respondent.

ESTATES OF DECEASED PERSONS — CONTINGENT CLAIMS — REJECTION — ACTION — CONSTRUCTION OF CODE. — Contingent claims against the estate of a deceased person are claims not due, within the meaning of section 1498 of the Code of Civil Procedure; and an action upon a rejected contingent claim is to be brought within two months after it becomes due, under that section. If the contingent claim never becomes due, no action is sustainable thereupon.

ID. — CASE NOT FOLLOWED. — *Pratt* v. *Hunt*, 108 Cal. 292, in so far as intimating *obiter* that section 1498 of the Code of Civil Procedure is not broad enough by its terms to include contingent claims, is not followed, the better rule being held to the contrary.

ID. — PREMATURE ACTION. — An action upon a rejected contingent claim, brought within three months after its rejection, but before the claim has become due, is premature, and cannot be sustained.

ID. — SUPPLEMENTAL COMPLAINT. — Where the original complaint upon the rejected claim must fail because the action was prematurely brought, a supplemental complaint has no place as a pleading to sustain the action, and the privilege of filing it was properly refused.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Noble Hamilton, and R. M. F. Soto, for Appellant.

Bishop & Wheeler, T. B. Bishop, and William Rix, for Respondent.

GAROUTTE, J.— This appeal is taken from a judgment rendered upon the pleadings. Plaintiff and E. L. G. Steele entered into a contract pertaining to the care and proceeds of certain live-stock, which contract was to be continued in force for the period of four years. Two years thereafter, Steele died, and the contract was presented to the executrix of his estate as a contingent claim. The claim was rejected, whereupon the present action was brought thereon. Of course, the judgment in such an action could go no further than simply to establish the *status* of the claim, even conceding that any judgment whatever could be rendered.

Section 1498 of the Code of Civil Procedure declares: "When a claim is rejected either by the executor or administrator, or a judge of the superior court, the holder must bring suit in the proper court against the executor or administrator, within three months after the date of its rejection if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred."

There is no authority in the law for bringing the present action, unless it can be found in this section. And in view of the fact that contingent claims are required to be presented to the representative of an estate for allowance, it seems that in case of rejection there should be some legal procedure by which the claimant's rights may be preserved. For this reason the court is strongly inclined toward holding the existence of such authority in the aforesaid section. The claim here involved certainly was not due when presented; hence no action could be brought upon it, as in the case of a rejected claim which was due. But the court is satisfied, that for the purpose of bringing an action upon the claim, it may be held, without doing any violence to rules of construction, that a claim similar to the one here presented—namely, a contingent claim—is a claim "not due" within the purview of the

aforesaid section 1498. This claim is both contingent and not due. Indeed, no contingent claim is due. But, by the happening of the event upon which the contingency depends, the claim becomes due, and then may be enforced as any other claim which becomes due. If the event upon which the contingency depends never happens, the claim never becomes due, and necessarily no action can be or should be brought upon it. By this construction of the statute the rights of all parties are protected, and equal and exact justice done. It follows that an action upon a rejected contingent claim may be brought only within two months after such claim becomes due. The claim here sued upon, shows upon its face, that it was a contingent claim, and necessarily not due when the complaint was filed; hence the action was prematurely brought. While there may be some *obiter* in *Fratt* v. *Hunt*, 108 Cal. 292, intimating that section 1498, by its terms, is not broad enough to include "contingent claims," we conclude that the rule here laid down is the better rule, and the court so declares.

The trial court did not commit error in refusing plaintiff the privilege of filing a supplemental complaint. This action was prematurely brought. For that reason the original complaint must fall. In such a case a supplemental complaint has no place as a pleading. (*Lewis* v. *Fox*, 122 Cal. 250.)

The judgment is affirmed.

Harrison, J., and Van Dyke, J., concurred.

Hearing in Bank denied.