[Civ. No. 11878.    First Dist., Div. Two.    Nov. 6, 1941.]

SOUTHERN PACIFIC COMPANY (a Corporation), Appellant, v. BELLA JULIA CATUCCI, as Executrix, etc., Respondent.

John J. Allen, Jr., Henley C. Booth and R. S. Myers for Appellant.

Donahue, Richards & Hamlin for Respondent.

STURTEVANT, J.—In an action involving a claim against the estate of the decedent Joseph Catucci the trial court sustained a demurrer to the plaintiff's complaint. Later the trial court caused a judgment to be entered in favor of the defendant. From that judgment the plaintiff has appealed.

The plaintiff's complaint alleged the corporate capacity of the plaintiff; that the plaintiff and the decedent entered into a construction contract on October 14, 1939; that the decedent employed John Camara; that on the 25th day of October, 1939, Catucci and Camara suffered injuries from which they died; that the last will and testament of Catucci was admitted to probate and Bella Catucci, the wife of the decedent, was appointed executrix and as such she is now acting; that she published notice to creditors on November 9, 1939, and the time to present claims would expire six months thereafter; that on the 25th day of April, 1940, the plaintiff presented its claim which was rejected on the 6th day of May, 1940; that Bella Catucci and others have commenced an action, No. 159,850, claiming $151,572.28 as damages for the death of Joseph Catucci; that Susie Camara has commenced an action, No. 159,831, in which she seeks to recover damages, $50,450.22, for the death of John Camara;

that the above mentioned construction contract, among others, contained the following provisions:

" '(21) LIABILITY: CONTRACTOR expressly agrees to indemnify and save RAILROAD harmless from and against any and all claims, loss, damage, injury and liability howsoever same may be caused, resulting directly or indirectly from work covered by this agreement.

" '(26) ATTORNEYS' FEES: In case RAILROAD shall bring suit to compel performance of or to recover for breach of any covenant, agreement or condition herein written, CONTRACTOR shall and will pay to RAILROAD reasonable attorney fees in addition to the amount of judgment and costs.'

"That plaintiff has no remedy at law in the premises; that unless plaintiff's said claim have the status of an approved claim in said probate proceedings, plaintiff's rights under said contract will be prejudiced and the enjoyment of such rights will be hindered; that plaintiff does not know at this time the amount of the claim it may have against said estate nor has it any means of ascertaining such amount, and that said claim is a contingent claim within the meaning of Section 707 of the Probate Code of the State of California." Then followed the prayer:

"WHEREFORE, plaintiff prays for judgment against defendant that said claim heretofore filed in said probate proceedings and rejected as aforesaid be approved, and for such other and further relief as is proper and equitable in the premises." The defendant interposed a demurrer which was both general and special. The order sustaining the demurrer was general.

■ That it was proper practice for this plaintiff to present to the executrix its contingent claim is the settled law of this state. (*Verdier* v. *Roach,* 96 Cal. 467 [31 Pac. 554].) However, it was not entitled to bring an action at law on the claim until within two months after its claim had become due. (Probate Code, sec. 714.) Nevertheless, before said claim matured it filed this action. It can hardly be questioned that as an action at law to enforce the plaintiff's claim the bringing of such action was premature. (*Miller* v. *Miller,* 171 Cal. 269 [152 Pac. 728]; *Brooks* v. *Lawson,* 136 Cal. 10 [68 Pac. 97]; *Morse* v. *Steele,* 132 Cal. 456, 458 [64 Pac. 690].) ■ But the plaintiff asserts that its action

sounds in equity. The sole question to be determined is, "Does said action sound in equity?" We think it is clear that it does not. The plaintiff alleged that " . . . unless the claim heretofore filed by it and rejected by defendant has a status in said probate proceedings of an approved claim plaintiff will be without recourse to enforce the provisions of said contract" of indemnity; "that unless plaintiff's said claim have the status of an approved claim in said probate proceedings, plaintiff's rights under said contract will be prejudiced and the enjoyment of such rights will be hindered. . . . " Those allegations did not present an issue in equity. (*Miller* v. *Miller, supra.*) True it is that an examination of the record in that case discloses that the complaint did not include the allegations of conclusions of law which were inserted by this plaintiff in its complaint. But it also discloses that, as stated by the court on page 272, "But these complaints before us are not bills in equity. While each asks for a determination of the status of the claim upon which suit is brought, each is frankly based upon a rejected demand for moneys not yet due, and there is neither pleading nor prayer with reference to the condition of the estate, the ability of the defendants to provide for future payments nor the desirability of creating a fund to meet the annual demands of the plaintiffs. Nor is any reason set forth why the action was brought before any part of the alleged claim became due." Excepting the conclusions of law quoted above, the same comment applies to the complaint in the instant case. It contains no allegation as to the condition of the estate of the decedent, the ability of the executrix to provide for claims mentioned, nor the desirability of creating a fund to meet them. In short, there is no allegation that any fund exists of which a court of equity may take jurisdiction. As such allegations were material they may not be avoided by pleading conclusions of law. (*E. H. Renzel Co.* v. *Warehousemen's Union,* 16 Cal. (2d) 369, 376 [106 Pac. (2d) 1]; 49 C. J. 47.) The plaintiff cites and relies on *Joost* v. *Castel,* 33 Cal. App. (2d) 138 [91 Pac. (2d) 172]. But an examination of the record in that case shows the plaintiff's complaint did not omit the allegations we have mentioned above. The same comment is applicable to the pleadings before the court in *Dabney* v. *Dabney,* 9 Cal. App. (2d) 665, 673 [51 Pac. (2d) 108]. In *Newman* v. *Burwell,*

216 Cal. 608 [15 Pac. (2d) 511], the record shows the complaint contained full averments on the allegations which we are now discussing. Furthermore, there was no allegation of threatened waste or diversion of funds to the injury or prejudice of the plaintiff. (2 Story Eq. Juris., sec. 1141 et seq.)

Returning to the allegations which we stated were conclusions of law, we will now discuss each one separately. Having alleged that the executrix rejected its claim, the plaintiff alleged that " . . . unless the claim heretofore filed by it and rejected by defendant has a status in said probate proceedings of an approved claim plaintiff will be without recourse to enforce the provisions of said contract" of indemnity. In section 714 of the Probate Code it is provided that the holder of a rejected claim may bring suit " . . . within two months after ·it becomes due. . . . " If, perchance, the estate of the deceased is entirely sufficient and if the funds are not disbursed until said litigation has been disposed of under said section, the remedy of the plaintiff is complete. It pleads no facts to the contrary. If such facts exist they should have been pleaded. (10 R. C. L. 414, "Equity", secs. 169, 170, 173 and 179.)    The plaintiff also alleged "that plaintiff has no remedy at law in the premises." If such were the fact the plaintiff should have alleged facts showing to the court that it had no remedy at law. (10 R. C. L. 420.)    The plaintiff also alleged "that unless plaintiff's said claim have the status of an approved claim in said probate proceedings, plaintiff's rights under said contract will be prejudiced and the enjoyment of such rights will be hindered." Examining the allegations set forth in plaintiff's complaint, no fact is pleaded showing that it will be "prejudiced" or that it will be "hindered." Said allegation was not helpful. (*Johnson* v. *Wunner*, 40 Cal. App. 484, 486 [181 Pac. 103].)

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.