[Civ. No. 260. Fifth Dist. Dec. 4, 1963.]

MAUDE J. SMITH, as Administratrix, etc., Plaintiff and Respondent, v. GREENFIELD STATE BANK, Defendant and Appellant.

Mack, Bianco, King, Eyherabide, Means & Cooney and Henry C. Mack, Jr., for Defendant and Appellant.

Edwin W. Wilson for Plaintiff and Respondent.

BROWN, (R.M.), J. — Appellant bank appeals from a judgment in favor of respondent for $1,200 for damages for the conversion of a harvester, said action being brought by the respondent administratrix of the estate of Guy O. Smith, deceased.

The decedent died May 14, 1960. In September 1957 the decedent had purchased a harvester on a conditional sales contract to which the signature of his son, Raymond O. Smith, was also added, and which was subsequently assigned to the appellant. On January 5, 1959, the decedent executed a revision agreement altering the payment under the contract and again on January 25, 1960, made a new revision agreement with the appellant changing the payment amounts and dates, with payments of $100 being due in July, August, September, October and November of 1960, and the entire balance due on December 17, 1960. Meanwhile the decedent died (on May 14, 1960), and respondent was appointed administratrix of his estate. She made none of the payments, and on October 17, 1960, appellant executed a creditor's claim for the full balance due on the purchase price of the harvester which was $2,340.66. While a copy of the conditional sales contract was attached to the creditor's claim, neither of the revision agreements was attached to the claim. On October 19, 1960, the harvester was repossessed by the appellant; on October 21, 1960, appellant's claim was presented to the administratrix which was allowed by her on November 5th and approved by the court on January 16, 1961.

On February 6, 1961, respondent administratrix brought an action in conversion alleging that the estate had title to the harvester. The appellant filed a general denial alleging no special defenses, and no mention was made of Raymond O. Smith's being cosigner of the original conditional sales contract. The trial court found that "On or about the 17th day of January, 1961, and for a long time prior thereto, the aforementioned estate of Guy O. Smith, Deceased, was the owner of" the harvester. The question whether Raymond O. Smith ever in fact owned any interest in the harvester, and if so, when or under what circumstances he lost such interest

was not raised by any party or by Raymond O. Smith himself, who was a witness.

After a trial, judgment was entered in favor of the respondent in the sum of $1,200, from which the appellant appeals.

 The conditional sales contract provided that in the event of the failure to comply with the terms, payments or conditions of the contract the seller could, with or without notice, (1) take possession of said property, purchaser to have no further right, title or interest in and to the property; or (2) take possession of the property, sell said property, and demand the deficiency; or (3) without taking possession of the property, sue for the entire balance.

It is respondent's contention that the contract provided for three inconsistent remedies and by filing the creditor's claim, there having been a default on the first payment of installments on the revision agreement (it being admitted that no payments had been made), title passed from the appellant to the respondent; that by taking possession the harvester was converted by the appellant; and that it is immaterial whether the retaking of possession was before or after the filing of the creditor's claim.

It is agreed that the doctrine of election of remedies is applied to a situation involving a conditional sales contract in order to keep the seller from keeping both the property and the price while the defaulting buyer suffers a forfeiture, and that this doctrine bars only inconsistent remedies, but where remedies are concurrent and consistent, a party may pursue one or all of them until satisfaction is had.

While a contingent claim may be filed under Probate Code section 705, the court said in *Holt Manufacturing Co.* v. *Ewing,* 109 Cal. 353, 356-357 [42 P. 435] :

"But the default having occurred, and the plaintiff having the right at and before the time of the presentation of the claim to pursue the remedy secured to it in the contract of retaking the property, there was clearly an election not to avail itself of this right, but of looking to the estate for the payment of the balance due upon the contract."

In our case the creditor's claim was for the full balance due on the harvester because of the default in payment of the installments prior to the filing of the creditor's claim, and thus, the claim was not filed as a contingent claim. The matter is discussed in 20 California Jurisprudence Second, Executors and Administrators, section 564, page 793.

While in the *Holt* case, *supra,* the creditor's claim was filed and the creditor thereafter filed an action to recover possession of the property covered by a conditional sales contract, in the case before us the repossession took place two days before the claim was presented, and the court held that title had passed and the action could not be maintained.

In *Martin Music Co.* v. *Robb,* 115 Cal.App. 414 [1 P.2d 1000], the assignee of the music company had brought an action for the full contract balance without attempting to repossess the piano from the defendant. Meanwhile, the defendant filed a petition in bankruptcy, listing the claim. The assignee dismissed its action, reassigned the claim to Martin Music Co. and that company then sued to recover the piano as the owner thereof. On appeal from a judgment for defendant it was held that, by the filing of the prior suit by its assignee and by presenting a claim in the bankruptcy proceeding, plaintiff had irrevocably elected to enforce payment of the purchase price and waived its option to repossess, and that title to the piano was thereby fully and finally vested in defendant. At page 419, the court said:

"As a rule, on breach of a conditional sales contract by the buyer, the seller may either disaffirm the contract and retake the property or he may affirm the contract, declare the subsequent payments due and sue for the purchase price. But since these remedies are inconsistent, he cannot have both and an assertion of one of them is an abandonment of and bars any right under the other.

"... Any act on the part of the seller clearly manifesting an intention to treat and rely upon the unpaid purchase price as an absolute debt from the purchaser will be deemed an election to waive the conditions of the sale, resulting in title passing to the purchaser, and precluding the seller from thereafter retaking the property. The commencement of any litigation that can proceed only on the theory that title has passed to the purchaser on waiver by the seller generally constitutes an election which the seller may not revoke."

The court in *Holt Manufacturing Co.* v. *Ewing, supra,* 109 Cal. 353 at page 357, said:

"It was held in *Estate of McKinley,* 49 Cal. 152, that when a claim is allowed the executor cannot afterward contest it. In *Walkerly* v. *Bacon,* 85 Cal. 137 [24 P. 638], that an allowed claim against an estate has the force and effect of a judgment payable in due course of administration. In *Ormsby* v. *Dearborn,* 116 Mass. 386, it was held that the creditor,

who had proved a claim against an estate in bankruptcy as for goods sold and delivered to the bankrupt, cannot maintain an action of replevin for the goods by proof that he did not sell them to the bankrupt. *Louis* v. *Triscony,* 58 Cal.304, does not conflict with the foregoing authorities.''

While in the present case it appears that the estate is insolvent, this does not concern us as there is no contention, as likewise mentioned in the *Holt* case, that the bank was misled by anyone as to the financial condition of the estate.

A comparable situation is discussed in *Smith* v. *Miller,* 5 Cal.App.2d 564, where the court at page 569 [43 P.2d 347] said:

''These remedies being inconsistent, the vendor may elect which he would pursue but he cannot have both, and an election exercised to pursue one forfeits his right to subsequently pursue the other [Citations].''

Thus, we come to the conclusion that the filing and approval of the creditor's claim for the full contract price passed the title to the respondent and this had the same force as a judgment of the court (*Potts* v. *Mehrmann,* 50 Cal.App. 622, 625 [195 P. 941]); that the allowance of the claim against the estate was a judicial determination (*Magraw* v. *McGlynn,* 26 Cal. 420, 431).

In 20 California Jurisprudence Second, Executors and Administrators, section 550, at page 776, the following language appears:

''The doctrine of election of remedies applies where the presentment of a claim is inconsistent with some other remedial right. Thus, where at the death of a purchaser under a conditional sale contract the seller has the right to retake the chattel purchased, the presentation of a claim against the estate for the balance due is a waiver of the right to retake, . . .''

In *Holt Manufacturing Co.* v. *Ewing, supra,* 109 Cal. 353, at page 356, the court further stated: ''I think it clear that the plaintiff was bound by its election in presenting the claim. Default had been made by the purchaser long before Ewing's death. . . . But the default having occurred, . . .''

While appellant would not be guilty of converting the harvester at the time it took possession thereof, demand subsequently was made by the respondent after the claim was filed and the refusal to turn over possession of the property was a conversion even though possession was lawfully obtained in the first instance. (*Horan* v. *Consolidated etc. Min-*

*ing Co.,* 41 Cal.App. 333, 339 [182 P. 813]; *Bedell* v. *Mashburn,* 87 Cal.App.2d 417, 423 [197 P.2d 98].)

48 California Jurisprudence Second, Trover and Conversion, section 20, pages 557-559, discusses conversion and states at page 559: "Conversion by wrongful retention of possession is also inherent in refusal to turn over possession."

The judgment is affirmed.

Conley, P. J., and Stone, J., concurred.

A petition for a rehearing was denied December 30, 1963.