Filed: 1/23/26  Moncada v. AJ's Restaurant & Bar CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DEIDRA MONCADA, | H052313 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 19CV346694) |
| v. | |
| AJ'S RESTAURANT & BAR LLC, | |
| Defendant and Respondent. | |

Plaintiff Deidra Moncada sued Paul Gill and AJ's Restaurant & Bar LLC (AJ LLC) for wage and hour violations.  The trial court sustained AJ LLC's demurrer to the second amended complaint without leave to amend for failure to state claims under successor liability and alter ego theories.  We recognize that the operative complaint is short on evidentiary facts tying AJ LLC to plaintiff's employer, but because plaintiff has sufficiently pled the ultimate facts necessary to establish successor liability against AJ LLC on all counts, we will reverse the judgment sustaining the demurrer.

## I.    TRIAL COURT PROCEEDINGS

Plaintiff worked at AJ's Restaurant & Bar as a dancer.  During all periods of plaintiff's employment, Andrea Russo owned AJ's Restaurant and Bar as a sole proprietorship (AJ SP); Paul Gill is Russo's son.

Plaintiff initially filed a class action complaint against AJ's Restaurant & Bar, the estate of Anthony Kralyevich, Madalyn Kralyevich, Anthony Kralyevich Jr., and Gill, alleging the defendants owned AJ's Restaurant & Bar and misclassified her and similarly

situated employees as independent contractors. Plaintiff also alleged the defendants failed to pay her and other dancers the minimum wage and all gratuities and failed to provide adequate wage statements, meal and rest breaks, paid sick days, final pay upon termination, and reimbursements for work uniforms and personal cell phone use. She alleged ten causes of action against the defendants under the Labor Code, Business and Professions Code, municipal code, and common law conversion.

Russo (doing business as AJ SP) and Gill answered the initial complaint in November 2020. Plaintiff moved to add Russo and AJ LLC to the lawsuit, arguing Russo responded to the complaint and AJ SP was now operating as AJ LLC. In his opposition to plaintiff's motion, Gill explained that Russo was his father, owned AJ SP as a sole proprietorship, and passed away in May 2021. AJ LLC opened as a bar one month later. Plaintiff was granted leave to amend her complaint to add Russo and AJ LLC as defendants and dismiss the estate of Anthony Kralyevich, Madalyn Kralyevich, and Anthony Kralyevich Jr. from the lawsuit.

Plaintiff filed a first amended complaint against AJ's Restaurant & Bar, Russo, Gill, and AJ LLC. She alleged the same ten causes of action against the named defendants and added new allegations of alter ego. Defendants AJ LLC and Gill filed separate demurrers to the first amended complaint, arguing that AJ LLC did not exist during the alleged employment period and that Russo was deceased and therefore improperly joined in the amended complaint. The court sustained both demurrers with leave to amend to add successor liability, successor in interest, and additional alter ego allegations.

In the operative second amended complaint, Plaintiff brought the same ten causes of action against Gill and AJ LLC. She alleged Russo owned AJ SP as a sole proprietorship and managed and operated AJ SP with his son Gill until Russo's death in May 2021. Gill then formed AJ LLC later in 2021. According to plaintiff, AJ LLC is a successor corporation to AJ SP. It operates out of the same location as AJ SP, is in the

2

same business of providing "entertainment featuring bikini dancers," and employs the same employees. Gill commingled and diverted assets from AJ SP to AJ LLC to circumvent the liability of AJ SP and Russo's estate. Plaintiff also alleged that AJ LLC is the alter ego of Russo and Gill.

AJ LLC demurred, arguing Plaintiff did not sufficiently allege successor liability and alter ego theories. AJ LLC asked the trial court to take judicial notice of its articles of organization, Russo's death certificate, and the court's order on the demurrers to the first amended complaint. The trial court took judicial notice as requested and sustained the demurrer over plaintiff's opposition. It concluded plaintiff could not establish successor liability because she failed to show that AJ LLC paid inadequate consideration for Russo's assets, existed while Russo was alive, or acquired assets from Russo before his passing, or that Gill was a former officer or director of AJ SP. The court also determined plaintiff had failed to demonstrate a unity of interest between Russo, Gill, and AJ LLC because the latter was formed after Russo's death and because plaintiff pled no facts demonstrating that Gill could be responsible for Russo's liabilities or that Gill disregarded AJ LLC's separate existence to protect his personal assets. The court declined to allow further amendment of the complaint, noting its previous directive that a second amended complaint would be plaintiff's last chance to amend against AJ LLC.

## II.  DISCUSSION

We review de novo a judgment of dismissal entered after an order sustaining a demurrer. (*Organizacion Comunidad de Alviso v. City of San Jose* (2021) 60 Cal.App.5th 783, 790 (*Organizacion*).) We assume the truth of all properly pleaded facts and accept as true all facts that may be implied or reasonably inferred from facts expressly alleged, unless contradicted by judicially noticed facts. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468 (*Cansino*).) A complaint generally is sufficient if it alleges ultimate rather than evidentiary facts (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 550 (*Doe*)) but we do not consider conclusory factual or legal

3

allegations. (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 953.) This court must reverse the dismissal if the allegations of the complaint state a cause of action under any legal theory. (*Organizacion*, at p. 790.) It is the plaintiff's burden to show the pleaded facts sufficiently establish every element of a cause of action and to overcome the legal grounds on which the demurrer was sustained. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1031.)

Plaintiff alleged Gill formed AJ LLC after his father's death to avoid the liabilities of his father and his father's sole proprietorship. She argues the trial court improperly sustained the demurrer because she adequately alleged AJ LLC is the successor to AJ SP and the alter ego of Gill and Russo.

## A. DATE OF LLC CREATION

The trial court took judicial notice of the LLC's articles of organization (as well as Russo's certified death certificate and the order sustaining the demurrer to the first amended complaint). Plaintiff does not contest the ruling on judicial notice, but argues the court drew improper inferences from the noticed documents. Specifically, she contends the trial court could not rely on the articles of organization to determine AJ LLC did not legally exist until the filing date of the articles, because she alleged AJ LLC was operating or transferring assets before the articles of organization were filed and because AJ LLC could have instructed the Secretary of State to file the articles 90 days before the filing date. (Corp. Code, §§ 17702.01, subd. (d), 17702.10.)

The trial court limited its judicial notice of the articles of organization to the following: "AJ's LLC is a California limited liability company whose articles of organization were filed on October 19, 2021." From that information the court determined AJ LLC was legally created on the filing date listed. (Corp. Code, § 17702.01, subd. (d).) "This is different from taking judicial notice of the truth of specific factual representations within a document" and is permissible. (*Julian Volunteer Fire Co. Assn. v. Julian-Cuyamaca Fire Protection Dist.* (2021) 62 Cal.App.5th 583,

4

600.)  We see no error in taking judicial notice of the filing date stated in the articles of organization and deducing its corresponding legal effect.  (*Ibid.*)

## B. SUCCESSOR LIABILITY

Successor liability is an equitable doctrine that allows liability to flow from one corporate entity to another.  (*Cleveland v. Johnson* (2012) 209 Cal.App.4th 1315, 1326, 1329–1330 (*Cleveland*).)  Successorship has been found where a new employer acquires all or part of the predecessor employer's assets and continues the predecessor's business operations without interruption or substantial change.  (*Golden State Bottling Co. v. NLRB* (1973) 414 U.S. 168, 182–184, fn. 5 (*Golden State Bottling Co.*) [concerning National Labor Relations Act].)  Successor liability in a labor context ultimately turns on consideration of several factors, including:  1) whether the successor entity had notice of the charge, 2) the predecessor's ability to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the successor entity uses the same plant, 5) whether the successor entity uses the same or substantially the same work force, 6) whether the successor entity uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether the successor entity uses the same machinery, equipment and methods of production, and 9) whether the successor entity produces the same product.  (*Superior Care Facilities v. Workers' Comp. Appeals Bd.* (1994) 27 Cal.App.4th 1015, 1025–1028 (*Superior Care Facilities*) [concerning state workers' compensation act]; see also *People ex rel. Harris v. Sunset Car Wash, LLC* (2012) 205 Cal.App.4th 1433, 1438 [concerning statutory scheme for carwash operators under the Labor Code].)  The focus is whether there is "substantial continuity" between the employing companies.  (*Fall River Dyeing & Finishing Corp. v. NLRB* (1987) 482 U.S. 27, 28, 43–45 (*Fall River Dyeing & Finishing Corp.*) [concerning National Labor Relations Act].)

We are persuaded by plaintiff's argument that successor liability in the wage and hour context is properly analogized to successor liability in labor relations and workers'

compensation settings. While the policies underlying the National Labor Relations Act and other labor-related statutory schemes may differ from those operating in the wage and hour context, the rationale for applying successor liability under the various regulations is the same: to protect the remedies provided for injured employees. (*Superior Care Facilities*, *supra*, 27 Cal.App.4th at p. 1027.) As in labor relations cases, the right of an owner to rearrange a business must be balanced with preserving some protection to employees from a change in the employment relationship, particularly given the Legislature's intent that wage and hour laws in California protect employees. (*Golden State Bottling Co.*, *supra*, 414 U.S. at p. 182; *Augustus v. ABM Security Services, Inc.* (2016) 2 Cal.5th 257, 262 (*Augustus*).) We therefore find it appropriate to apply the multifactor inquiry discussed in *Superior Care Facilities* here. As an equitable doctrine, we examine successor liability issues on their unique facts and also consider fairness and equity. (*Cleveland*, *supra*, 209 Cal.App.4th at p. 1330.) We consider both ultimate and evidentiary facts supporting successor liability factors at the pleading stage. (*Doe*, *supra*, 42 Cal.4th at p. 550.)

Plaintiff alleged that Gill acquired AJ SP's physical assets after it ceased to exist to form AJ LLC as a successor entity. She pled that AJ LLC operates out of the same location as AJ SP, is in the same business of providing nightly entertainment, and employs the same employees. AJ LLC even posted a sign outside its location in November 2022 advertising its 30th anniversary party. We must assume the truth of those well-pleaded factual allegations for purposes of demurrer. (*Cansino*, *supra*, 224 Cal.App.4th at p. 1468.)

Applying the *Superior Care Facilities* factors here, we first note plaintiff's pleadings have given Gill and AJ LLC appropriate notice of the claims against them. Plaintiff has consistently alleged the same wage violations against Gill since filing the initial complaint. She alleged Gill was AJ SP's managing agent and formed AJ LLC using AJ SP's assets. Second, as AJ SP ceased to exist upon Russo's death, it can no

longer provide relief to plaintiff or putative class members. (See *Fox v. Dehn* (1974) 42 Cal.App.3d 165, 169.) As for questions of continuity, AJ LLC was legally formed a few months after Russo's death. (Corp. Code, § 17702.01, subd. (d).) According to the complaint, AJ SP and AJ LLC conduct the same business activity ("entertainment featuring bikini dancers"), they operate out of the same location, they employ the same staff, and are both managed by Gill. AJ LLC advertised its "30th Anniversary party" in December 2022, despite its legal formation only the year before. We conclude plaintiff pled sufficient facts to state successor liability claims against AJ LLC.

Plaintiff asserts that AJ LLC is the mere continuation of AJ SP because Gill diverted assets from AJ SP to AJ LLC, allegedly to avoid the liabilities of AJ SP and Russo's estate. A company purchasing the principal assets of another corporation may be subject to the seller's liabilities under a mere continuation theory where the purchasing entity did not pay adequate consideration for the seller's assets or the two entities have common officers, directors, or shareholders, or under a fraudulent purpose theory where the transfer of assets to the purchaser is to escape liability for the seller's debts. (*Ray v. Alad Corp.* (1977) 19 Cal.3d 22, 28–29.) While we invited supplemental briefing regarding whether plaintiff had sufficiently alleged successor liability under a fraudulent purpose theory despite not explicitly arguing so in the trial court or on appeal,[1] we acknowledge that the policy considerations involved in employment matters differ from those involving general rules of corporate successor liability or defective products

---

[1] Plaintiff did not allege any facts regarding inadequate consideration, and Gill could not be an officer, director, or shareholder of his father's sole proprietorship. (*Ball v. Steadfast-BLK* (2011) 196 Cal.App.4th 694, 701.) Nor could there have been a transfer of assets. Russo had passed away before Gill formed AJ LLC and could not have transferred any assets to AJ LLC. Plaintiff did not sue Russo's personal representative or successor in interest; she instead alleged that Gill is Russo's son and formed AJ LLC. (Code Civ. Proc., § 377.40.) Even if considered Russo's estate, Gill could not have commingled or transferred assets of his father's sole proprietorship as alleged. (*Ball*, at p. 701.)

liability examined in *Ray*. (*Ray*, at p. 30.) As we have discussed, successorship in the wage and hour context is not so narrowly confined given the broad application of wage and hour laws to align with the Labor Code's remedial purposes. (*Golden State Bottling Co.*, *supra*, 414 U.S. at p. 182, fn. 5; *Augustus*, *supra*, 2 Cal.5th at p. 262.)

Plaintiff alleged facts to show Gill acquired AJ SP's real property and operated the same business providing the same entertainment services with the same employees. Whether Gill acquired AJ SP's assets through Russo's estate or on the open market during the five-month hiatus between AJ SP's closure and AJ LLC's formation is not dispositive. (*Fall River Dyeing & Finishing Corp.*, *supra*, 482 U.S. at pp. 28, 44, fn. 10, 45.) No single factual aspect establishes or negates the equitable doctrine of successor liability. (*Cleveland*, *supra*, 209 Cal.App.4th at pp. 1333–1334.) Because plaintiff's well-pleaded factual allegations demonstrate substantial continuity between AJ SP and AJ LLC (*Fall River Dyeing & Finishing Corp.*, at p. 44), we conclude plaintiff has sufficiently alleged a theory of successor liability for purposes of surviving demurrer. Having found the operative complaint contains facts sufficient to state a cause of action for the reasons we have explained, we do not reach the parties' arguments regarding plaintiff's alter ego theory. (*Organizacion*, *supra*, 60 Cal.App.5th at p. 790.)

### III.   DISPOSITION

The judgment dismissing AJ LLC is reversed. The matter is remanded for the trial court to vacate its order sustaining the demurrer to the second amended complaint without leave to amend and to enter a new order overruling the demurrer based on a theory of successor liability. Plaintiff shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(3).)

_____
Grover, Acting P. J.

**WE CONCUR:**


_____
Lie, J.



_____
Wilson, J.



H052313
*Moncada v. AJ's Restaurant & Bar LLC*