SHAW, P. J.
 

 The plaintiff appeals from a judgment for defendant. Plaintiff’s complaint states two causes of action. The first cause of action alleges that the plaintiff was the owner of an automobile on which he was making monthly payments to defendant bank; that he was not in default; that he had possession of the car; that the defendant bank induced him to allow it to “repossess” the car on its promise that it would repair it and “reconvey” it to plaintiff; that this promise was made without any intention of performing it; and that the defendant bank has not “reconveyed” to plaintiff. Plaintiff also alleges that up until the repossession of the car he made payments thereon amounting to $911.16.
 

 The nature of this cause of action is somewhat doubtful. It begins with the plaintiff as the owner in possession of a car on which he is making payments, and ends with the car in defendant’s possession. It does not aver that defendant demanded or was refused possession, nor does it say that defendant had repaired the car. It was referred to at the trial as a cause of action for fraud, but it seems apparent that the fraud is merely incidental to the cause of action; it is merely the means by which the plaintiff was induced to surrender the car to defendant. The wrong complained of is that the defendant, after having obtained possession of the ear by means of the fraud, does not surrender it. This might, under proper conditions, amount to a conversion of the auto.
 
 (French
 
 v.
 
 Smith Booth Usher Co.
 
 (1942), 56 Cal.App.2d 23, 26-27 [131 P.2d 863].) The complaint fails to show a conversion, however, because it does not allege that defendant had repaired the ear, and until that was done or at least until a reasonable time for doing it had elapsed (no
 
 *Supp. 863
 
 such lapse was alleged), the plaintiff must be regarded as consenting to defendant’s retention of the car. Such consent would prevent such retention from amounting to a conversion. (24 Cal.Jur. 1024;
 
 French
 
 v.
 
 Smith Booth Usher Co., supra,
 
 (1942), 56 Cal.App.2d 23, 27-28.)
 

 However, this defect must be regarded as waived by the proceedings in the trial court. There was no demurrer to the complaint. At the trial plaintiff produced evidence plainly showing that defendant had repaired the car, and that he had vainly demanded its return thereafter to him. No objection was made to this evidence on the ground that it was not covered by the complaint, and it was not disputed. The case comes in this respect within the rule stated in
 
 Priebe
 
 v.
 
 Sinclair
 
 (1949), 90 Cal.App.2d 79, 87 [202 P.2d 577] : “When an action is tried on the theory that a material issue is properly before the court, the losing party cannot raise the objection for the first time on appeal from the judgment that there was no such issue.”
 

 The complaint contains a sufficient allegation of damages in its allegation that defendant's acts were‘“to plaintiff’s damage in the sum of $915.26.” It is held that “A general allegation of damages with a prayer for a stated amount is sufficient to authorize the recovery of all damages that necessarily result from the act complained of.”
 
 (Olds & Stoller, Inc.
 
 v.
 
 Seifert
 
 (1927), 81 Cal.App. 423, 427 [254 P. 289].) To the same effect is
 
 McVay
 
 v.
 
 Central Calif. Inv. Co.
 
 (1907), 6 Cal.App. 184, 186 [91 P. 745]. It is even held that a mere prayer of the amount claimed as damages is sufficient.
 
 (Tucker
 
 v.
 
 Cooper
 
 (1916), 172 Cal. 663, 666 [158 P. 181];
 
 Westervelt
 
 v.
 
 McCullough
 
 (1924), 68 Cal.App. 198, 210 [228 P. 734];
 
 Gallagher
 
 v.
 
 California Pac. Title & Tr. Co.
 
 (1936), 13 Cal.App.2d 482, 485-486 [57 P.2d 195].) Even the fact that in his complaint a plaintiff seeks damages estimated according to a wrong rule, does not preclude the court from awarding him the damages to which he is entitled under the true rule.
 
 (Hulen
 
 v.
 
 Stuart
 
 (1923), 191 Cal. 562, 569 [217 P. 750];
 
 Nielsen
 
 v.
 
 Swanberg
 
 (1929), 99 Cal.App. 270, 277 [278 P. 876].)
 

 The complaint alleges the amounts which plaintiff has paid for the car. It does not appear whether this is on the theory that plaintiff is entitled to recover these amounts as damages, but their total differs by a few dollars from the amount alleged as damages, and from the prayer. But if we assume that plaintiff does allege these amounts as a part of his measure of
 
 *Supp. 864
 
 damages, and that they do not serve in that capacity, still, under the rules above stated, the complaint would be sufficient, and plaintiff could recover the damages to which he showed himself entitled.
 

 Considering now the question to what damages was the plaintiff entitled, we look at section 3336, Civil Code, and find that it provides two alternative measures of damages for a conversion. The first is, “the value of the property at the time of the conversion, with the interest from that time.” The plaintiff produced no evidence on this point. The nearest he came to it was to show how much he agreed to pay for the car 10 months before its conversion. While the price paid for property may be regarded as some evidence of its value, the price agreed to be paid for a used car cannot, in view of the great depreciation suffered by cars by the mere lapse of time, be regarded as any evidence of its value 10 months later.
 

 But, as above noted, section 3336 contains an alternative measure of damages: “an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of ánd which a proper degree of prudence on his part would not have averted.” This provision was placed in the section in 1931, and we have found no decisions construing it. This seems a proper case for its application. The plaintiff has not become the complete owner of the automobile, but he has an interest in it, the value of which can be repaid to him by the application of the last quoted part of section 3336, Civil Code, to the ease.
 

 The evidence is also clear that the defendant, on a claim that plaintiff was in default in his payments on the contract, sold the car. If this claim were well founded, the defendant would have been justified in its acts and there would have been no conversion. It is true that at the time of the sale, two monthly payments which were due from plaintiff, by the literal terms of the contract, were unpaid. But the evidence clearly shows a waiver of any such default. The plaintiff made nearly, if not all, of his payments later than the time they were due, and the defendant sent him notices and reminders of the delay in various forms, but accepted all the payments when made. Possibly these facts would he sufficient to show a waiver. But the evidence shows a different waiver. Plaintiff testified that when his car was damaged he went to see Mr. Marble, the defendant’s agent in charge of collections on the
 
 *Supp. 865
 
 contract, and asked Marble if he could have the car fixed. Marble, after taking time to look into the matter, told plaintiff he would have the car fixed and give it back to plaintiff, and also said, “not to make any more payments until I had the car back,” and to keep in touch with him and find out how the car was doing. Marble, in his testimony, admitted that he told plaintiff “not to make any payments” so he would have the money on repair of the car to pay for the damage to it. There is no substantial conflict in the evidence on this point. Here is a definite and substantial waiver of the time for payments. The defendant sold the ear during the time fixed in this waiver. The defendant cannot be heard to claim any benefit from the sale so made.
 

 There is another view of the situation which would justify a recovery by plaintiff on his count for money had and received. In
 
 Bray
 
 v.
 
 Lowery
 
 (1912), 163 Cal. 256, 260-263 [124 P. 1004], the court had before it an action for money had and received, and held that on it the buyer of several motor cars could recover from the seller the money paid by him on the contract where the seller had retaken and sold the cars on the claim that the buyer was in default, when in fact, by reason of the seller’s action, the buyer’s time had been extended so that there was no default. In discussing the matter, the court said (p. 261) : “By his seizure of the cars upon the claim that respondent was in default and by his refusal to return the property, appellant treated the contract as abandoned and annulled by respondent. Formal rescission on the part of the latter was, therefore, not necessary.”
 

 In the case last cited the court said at 163 Cal. 262: “In such a suit as this the right to recover by the respondent would of course be subject to the credit for the profit, if any, realized from the use of cars.” This is similar to the rule declared in cases dealing with recovery of payments made on contracts void by reason of violation of Civil Code, section 2982, in
 
 Adams
 
 v.
 
 Caruso Enterprises, Inc.
 
 (1955), 134 Cal.App.2d 403 [285 P.2d 1022], and
 
 United States Credit Bureau, Inc.
 
 v.
 
 Sanders
 
 (1951), 103 Cal.App.2d 806, 816 [230 P.2d 849]. The present record affords no information on which such a rule could be applied, but attention should be given it on a retrial.
 

 The appellant contends that the contract held by the defendant violated section 2982, Civil Code, and was for that reason void and hence he could recover the amount paid by him thereon under the rule declared in
 
 Carter
 
 v.
 
 Seaboard
 
 
 *Supp. 866
 

 Finance Co.
 
 (1949), 33 Cal.2d 564, 573 [203 P.2d 758] ; and
 
 Estrada v. Alvarez
 
 (1952), 38 Cal.2d 386, 389 [240 P.2d 278]. Bnt the plaintiff is in no position to raise that theory now. The complaint contains no hint of such a theory of recovery. The count for money had and received might perhaps have been used for that purpose, but a common count is no better than the company it keeps. (See
 
 Orloff
 
 v.
 
 Metropolitan Trust Co.
 
 (1941), 17 Cal.2d 484, 489 [110 P.2d 396]) and there is nothing in its company here to suggest the theory now urged by plaintiff.
 

 To support such a theory the plaintiff must introduce the contract in evidence and show that it was invalid. Instead, plaintiff introduced in evidence a purchase order which contained some of the terms of sale, but not everything required by section 2982, Civil Code, and declared that the purchaser would sign a contract of conditional sale. The contract of conditional sale got into the case because defendant offered it in evidence. To this offer plaintiff objected on the ground that a copy of it was not delivered to plaintiff as required by section 2982, Civil Code, and it was void. The objection was overruled. This objection, seeking to keep out of the case the document on which plaintiff’s present theory depends, certainly shows no effort to try the case on that theory or to support a recovery by it. In the course of the argument on this objection defendant’s attorney said he agreed to this, but the bank was entitled to recover on the contract that it had. To this plaintiff’s counsel replied, “If that was the contract.” The meaning of this discussion is made clear by the briefs filed here. The defendant argues that certain provisions in the conditional sale contract prevent the acceptance of past due payments from constituting a waiver of delay in future payments, while plaintiff argues that the purchase order, which contains no such provisions, is the real contract of the parties. The purpose of the objection was, evidently, to prevent the application of these provisions to the case, not to assert a right based on invalidity of the contract. On a retrial the plaintiff may, by proper amendment of his pleadings, assert whatever rights may have accrued to him under Civil Code, section 2982.
 

 We are satisfied that on the record before us the plaintiff would be entitled to recover some amount, and therefore the judgment must be reversed.
 

 The judgment is reversed.
 

 Patrosso, J., and Swain, J., concurred.