315 P.2d 371]

[Civ. No. 22538.   Second Dist., Div. Two.   Sept. 18, 1957.]

RAY ZEFF, Respondent, v. HARVEY SMITH OLDS-
MOBILE COMPANY (a Corporation), Appellant.

David Lynn and Clyde W. Malone, Jr., for Appellant.

Arkin & Weissman and Stuart N. Arkin for Respondent.

FOX, J.—Plaintiff sued defendant, an automobile dealer, for an alleged conversion of a 1956 Oldsmobile. The trial court rendered judgment for plaintiff in the sum of $1,000, and defendant has appealed.

. The evidence shows that on March 26, 1956, the parties entered into an agreement (the pertinent terms of which are discussed below) whereby plaintiff purchased a car from defendant. Plaintiff accepted delivery of the car upon making a down payment, and was to pay the balance on March 30, 1956. After plaintiff had failed to pay said balance, defendant repossessed the car on April 13, 1956, and subsequently resold it.

Property in specific goods passes when the contracting parties so intend. (Civ. Code, § 1738.) In order to determine the intent of the parties, we must look to the terms of the contract entered into by them. It is not disputed that the contract meets all the requirements of Civil Code section 2982, dealing with .conditional sales of motor vehicles. The point of contention is whether or not title passed under the terms of the contract. The contract first describes and

identifies the particular car which plaintiff was purchasing. Plaintiff's initials appear on the face of the contract beside the following figures: the cash price ($3,214), the total cash price ($3,344.56), the used car allowance ($1,225), the balance due on the used car ($1,050), and the net balance due under the contract ($2,700). Other figures appearing on the face of the contract include the sales tax and license fee, the net equity (difference between the used car allowance and the balance due on the used car), and the cash paid on delivery. On the lower portion of the face of the contract appears the following: "Special Notes one @ $2700.00 Due March 30, 1956." Plaintiff's initials appear above each of these items. At the bottom of the face of the agreement plaintiff signed his full name under the following statement: "I have read the printed matter on the back hereof and agree to it as a part of this agreement, and the front and back of this agreement comprise the entire agreement pertaining to this purchase. Receipt of a copy of this agreement is hereby acknowledged."

On the back of the contract appears the "agreement" and the "time payment terms and conditions." The pertinent provisions under the "agreement" heading are as follows: "Purchaser agrees to pay the balance on the terms specified on the reverse side hereof and in the 'Time Payment Terms and Conditions' hereinafter contained. . . . It is expressly agreed that the purchaser acquires no right, title or interest in or to the property which he agrees to purchase hereunder until such property is delivered to him and either the full purchase price is paid in cash or a satisfactory deferred payment agreement is executed by the parties hereto, the terms of which shall thereafter be controlling." Under the "time payment terms and conditions" it is provided that: "Title to said property shall not pass to purchaser until said contract balance and other sums due hereunder are fully paid in cash." Plaintiff's full signature appears below these provisions.

Plaintiff contends that the "special note" paid the contract balance and that title thereby vested in him. The only testimony on the subject was to the effect that no separate note was ever executed. Plaintiff did not even testify. Nor does it appear that he offered any explanation or excuse for his failure to produce any separate instrument. Plaintiff has thus failed to meet the requirements of the best evidence rule. (Code Civ. Proc., §§ 1855, 1937.) Therefore, no *separate* note

can be said to exist. If any "special note" exists, it would have to appear on the face of the agreement. No such note appears there. The mere designation "one" after the words "Special Notes" coupled with the amount, the date due and plaintiff's initials cannot be said to constitute an independent promissory note, since no unconditional promise to pay is stated.

Even if we assume that a promissory note did exist, the terms of the agreement, not the giving of the note, still control the question of the passage of title. ▪ "Under a contract of sale the parties may agree when title shall pass. If they expressly do so, their contract controls. . . ." (*Turner, Kuhn & Fraser, Inc.* v. *Jones,* 61 Cal.App. 732, 734 [215 P. 1033] ; *Sun-Maid Raisin Growers* v. *Jones,* 96 Cal.App. 650, 653 [274 P. 557].) ▪ The contract expressly provided that title would not pass until the purchaser paid the contract balance *in cash.* Therefore, even the giving of a promissory note would not pass title to the purchaser under these terms in the contract. The contract elsewhere provides that title may pass upon the execution of a "satisfactory deferred payment agreement." Neither the record nor the briefs mention such an agreement, and we could only guess at what might constitute one. Since no such agreement has been shown, we must assume that none exists.

It is therefore apparent that the intention of the parties, as expressed in the contract, was that title to the car was not to pass to the purchaser until he paid the balance due on March 30, 1956. When plaintiff failed to pay the balance, he was in default and title did not pass. ▪ Moreover, by another provision in the contract defendant seller was specifically given the right to repossess the automobile without demand upon default in payment by the purchaser, and to resell it. Defendant thus acted within its rights when it repossessed and resold the car. (*Ray* v. *Mercantile Acceptance Corp.,* 44 Cal.App.2d 327, 331 [112 P.2d 295] ; see *Liver* v. *Mills,* 155 Cal. 459, 462 [101 P. 299] ; *General Motors Accept. Corp.* v. *Brown,* 2 Cal.App.2d 646, 649 [38 P.2d 482].) Such action did not constitute a conversion of plaintiff's property. (*Silverstin* v. *Kohler & Chase,* 181 Cal. 51, 54 [183 P. 451, 9 A.L.R. 1177] ; see *Ruiz* v. *Bank of America,* 135 Cal. App.2d Supp. 860, 864 [287 P.2d 409].)

The judgment is reversed.

Moore, P. J., and Ashburn, J., concurred.