[No. A025819. Sixth Dist. Sept. 13, 1985.]

SAMUEL DAVID CERRA, Plaintiff and Appellant, v.
GENE BLACKSTONE et al., Defendants and Respondents.

**COUNSEL**

Robert L. Mezzetti for Plaintiff and Appellant.

Michael Jay Jones and Gallagher & Reedy for Defendants and Respondents.

**OPINION**

**BRAUER, J.**—This is an appeal from a summary judgment entered in favor of an automobile dealer who was sued for conversion arising out of the repossession and sale of a vehicle. The transaction was subject to the Rees-Levering Motor Vehicle Sales and Finance Act, Civil Code section 2981, et seq.

The uncontradicted evidence before the trial judge at the hearing of the motion for summary judgment was the following: On September 15, 1979, respondent Blackstone, an automobile dealer, sold a Chevrolet truck to appellant Cerra pursuant to a standard conditional sales contract under which title was to remain in seller until the purchase price was paid in full. On December 4, 1979, Blackstone lawfully repossessed the vehicle, Cerra having defaulted in the payment of one or more installments due under the contract.[1] The dealer then held the truck until February 1981 when he sold it. After repossession, Blackstone gave a notice of intent to sell the vehicle which did not even come close to complying with Civil Code section 2983.2.

At this point, a conflict arose in the evidence. Cerra and his mother filed declarations that after they had received the notice they offered to bring the payments current and demanded restoration of the truck but that Blackstone rejected the offer insisting on payoff of the entire loan. The declaration of Cerra's cosigner stated that she had actually offered to pay the truck off but her tender was refused. Blackstone filed a counterdeclaration in which he vehemently denied that Cerra or any of his agents had at any time tendered

---

[1] This fact was established even if the trial court was required, as appellant correctly points out, to disregard any alleged admissions made by Cerra at the arbitration hearing in this matter. (Cal. Rules of Court, rule 1616(c).)

any payments whatever subsequent to the repossession. But as the motion is for summary judgment, he quite properly conceded below and does here that the trial court was required to accept the declarations filed on behalf of appellant and reject his.

Blackstone's position is simply that Cerra has no claim for conversion even if the facts he asserts are true. Thus while the motion is one for summary judgment, "[i]n essence 'the motion has the purpose and effect of a general demurrer.'" (*Weaver* v. *Superior Court* (1979) 95 Cal.App.3d 166, 173 [156 Cal.Rptr. 745]; *Goodley* v. *Wank & Wank, Inc.* (1976) 62 Cal.App.3d 389, 392 [133 Cal.Rptr. 83].)

In substance, Blackstone contends that a repossessing conditional seller of a vehicle subject to the Rees-Levering Act suffers one and only one penalty when he fails to give the notice required by Civil Code section 2983.2 and that is, he may not collect a deficiency. The purchaser has no other remedy. Blackstone relies on Civil Code section 2983.3[2] and especially on subdivision (e) thereof.

Section 2983.3, totally rewritten in 1976, has received virtually no judicial interpretation since then. In construing it, we start with the canon

---

[2]Civil Code section 2983.3 states: "[¶] (a) In the absence of default in the performance of any of the buyer's obligations under the contract, the seller or holder may not accelerate the maturity of any part or all of the amount due thereunder or repossess the motor vehicle. [¶] (b) If after default by the buyer, the seller or holder repossesses or voluntarily accepts surrender of the motor vehicle, any person liable on the contract shall have a right to reinstate the contract and the seller or holder shall not accelerate the maturity of any part or all of the contract prior to expiration of such right to reinstate, unless the seller or holder reasonably and in good faith determines that: [¶] (1) The buyer or any other person liable on the contract by omission or commission intentionally provided false or misleading information of material importance on his or her credit application. [¶] (2) The buyer or any other person liable on the contract in order to avoid repossession has concealed the motor vehicle or removed it from the state; or [¶] (3) The buyer or any other person liable on the contract has committed or threatens to commit acts of destruction, or has failed to take care of the motor vehicle in a reasonable manner, so that the motor vehicle has or may become substantially impaired in value. [¶] (c) Exercise of such right to reinstate the contract shall be limited to once in any 12 months period and twice during the term of the contract. [¶] (d) The provisions of this subdivision shall govern the method by which a contract shall be reinstated with respect to curing events of default which were a ground for repossession or occurred subsequent to repossession. [¶] (1) Where the default is the result of the buyer's failure to make any payment due under the contract, the buyer or any other person liable on the contract shall make the defaulted payments and pay any applicable delinquency charges. [¶] (2) . . . [¶] (3) . . . [¶] (4) . . . [¶] (5) Additionally, the buyer or any other person liable on the contract shall, in all cases, reimburse the seller or holder for all reasonable and necessary collection and repossession costs and fees incurred, including attorney's fees and legal expenses expended in retaking and holding the vehicle. [¶] (e) If the seller or holder denies the right to reinstatement under subdivision (b) or paragraph (4) of subdivision (d), the seller or holder shall have the burden of proof that such denial was justified in that it was reasonable and made in good faith. If the seller or holder fails to sustain such burden of proof, the seller or holder shall not be entitled to a deficiency."

laid down by the Supreme Court in *Freedland* v. *Greco* (1955) 45 Cal.2d 462, 467 [289 P.2d 463]: "[¶] Taking into consideration the policies and purposes of the act, the applicable rule of statutory construction is that the purpose sought to be achieved and evils to be eliminated have an important place in ascertaining the legislative intent. [Citation.] Statutes should be interpreted to promote rather than defeat the legislative purpose and policy. [Citation.] '[I]n the interpretation of statutes, when two constructions appear possible, this court follows the rule of favoring that which leads to the more reasonable result.' [Citation.] . . . 'That construction of a statute should be avoided which affords an opportunity to evade the act, and that construction is favored which would defeat subterfuges, expediencies, or evasions employed to continue the mischief sought to be remedied by the statute, or to defeat compliance with its terms, or any attempt to accomplish by indirection what the statute forbids.' "

In the light of that criterion, we have concluded that the deprivation of a deficiency is not the only penalty suffered by a noncomplying seller.

The legislative purpose in enacting the Rees-Levering Act was to provide more comprehensive protection for the unsophisticated motor vehicle consumer. (Final Report of the Assembly Interim Committee on Finance and Insurance, 15 Assembly Interim Committee Reports No. 24 (1961) quoted in *The Rees-Levering Motor Vehicle Sales and Finance Act* (1962) 10 UCLA L.Rev. 125, 127.)

Pursuing that objective, the Legislature created in the defaulting purchaser a right to reinstate the contract in a particular manner and subject to specified exceptions not here applicable. Subdivision (b) of section 2983.3[3] states unequivocally: "If after default by the buyer, the seller . . . repossesses . . . the motor vehicle, any person liable on the contract shall have a right to reinstate the contract . . . ." The notice required to be given pursuant to section 2983.2 details the buyer's rights and the sum necessary to cure the default. Conspicuous by its absence is any statement or intimation in sections 2983.2 or 2983.3 that the deprivation of a deficiency judgment is the only penalty suffered by a noncomplying seller, that a seller may omit giving the required notice or deny the right of reinstatement on pain only of loss of a deficiency judgment. Such an interpretation could lead to unreasonable and unfair results. We would not venture a guess how often a purchaser makes a large down payment, but in such an event, a conditional seller could repossess and be made whole even in the absence of a deficiency judgment. In many other cases, the collection of a deficiency judgment is out of the question as a practical matter. If depriving the seller of a defi-

---

[3]Unless otherwise indicated, all further statutory references are to the Civil Code.

ciency were the consumer's only remedy, the statutory purpose above stated would be frustrated as the dealer would have no incentive to comply. "[S]ubterfuges, expediencies or evasions employed to continue the mischief sought to be remedied by the statute, . . ." (*Freedland* v. *Greco, supra,* 45 Cal.2d at p. 468) would be encouraged. And how does Blackstone explain subdivision (c), (*ante,* fn. 2)? If, as he contends, the buyer has no affirmative right to reinstate, why does the Legislature say that the right to reinstate may be exercised only once in twelve months? *Hernandez* v. *Atlantic Finance Co.* (1980) 105 Cal.App.3d 65, 70 [164 Cal.Rptr. 279] without extended discussion construes section 2983.3 as authorizing "a buyer to reinstate the contract after repossession, without acceleration of the total balance owing."

We hold that a buyer has a right to the notice set forth in section 2983.2 and, subject to the exceptions in subdivision (b) admittedly not applicable here, to reinstate the contract in the manner outlined in section 2983.3 and that depriving the noncomplying seller of a deficiency judgment is not the buyer's only remedy.[4]

Here, plaintiff framed his complaint to state an action for conversion. The first element of that cause of action is his ownership *or* right to possession of the property at the time of the conversion. (*Baldwin* v. *Marina City Properties, Inc.* (1978) 79 Cal.App.3d 393, 410 [145 Cal.Rptr. 406].) Once it is determined that Cerra has a right to reinstate the contract, he has a right to possession of the vehicle and standing to bring conversion. Unjustified refusal to turn over possession on demand constitutes conversion even where possession by the withholder was originally obtained lawfully (*Schroeder* v. *Auto Driveaway Co.* (1974) 11 Cal.3d 908, 918 [114 Cal.Rptr. 622, 523 P.2d 662]; *Smith* v. *Greenfield State Bank* (1963) 222 Cal.App.2d 869, 873 [35 Cal.Rptr. 579]; *Nicholson* v. *McDonald* (1961) 193 Cal.App.2d 675, 680 [14 Cal.Rptr. 505]) and of course so does an unauthorized sale. (*Wade* v. *Markwell & Co.* (1953) 118 Cal.App.2d 410, 418 [258 P.2d 497, 37 A.L.R.3d 1363]; *Alonso* v. *Badger* (1943) 58 Cal.App.2d 752, 758 [138 P.2d 24].) It is true that the declarations filed on behalf of Cerra do not show that he or his agents had tendered the required repossession costs, but he can hardly be faulted when he was not advised of his rights pursuant to section 2983.2 or of the amount needed to obtain reinstatement. In any event, the offer to discharge the entire contract undoubtedly involved more money than Blackstone could legitimately have claimed in a proper section 2983.2 notice.

---

[4]We are in good company in arriving at this conclusion. In *General Motors Accept. Corp.* v. *Kyle* (1960) 54 Cal.2d 101, 111 [4 Cal.Rptr. 496, 351 P.2d 768] the Supreme Court held with regard to section 2982, the predecessor to the Rees-Levering Act, that the buyer's specified right to recover the amounts paid was not an exclusive remedy.

Finally, Blackstone relies on *Zeff* v. *Harvey Smith Oldsmobile Co.* (1957) 154 Cal.App.2d 1 [315 P.2d 371] which held that a dealer did not convert an automobile when he repossessed and sold it after the purchaser had defaulted on a conditional sales contract. Reliance is misplaced as the law in 1956 did not recognize a right in the purchaser to regain possession of a car after repossession by the conditional seller. Such a right was first created by the enactment of Civil Code section 2982, subdivision (g) effective September 11, 1957. (Stats. 1957, ch. 613, p. 1822.)

The judgment is reversed.

Panelli, P. J., and Agliano, J., concurred.