## MTC ELECTRONIC TECHNOLOGIES CO., LTD., a Canadian corporation, Plaintiff,

v.

## Miko LEUNG, et al., Defendants.

### No. CV 94–6293 AAH (JRx).

United States District Court, C.D. California.

May 17, 1995.

Dale F. Kinsella, Jack G. Cairl, Jr., Cathleen Collins, Kinsella, Boesch, Fujikawa & Towle, Los Angeles, CA, for MTC Electronic Technology Co., Ltd.

Laurie D. Zelon, Richard W. Grime, Morrison & Foerster, Los Angeles, CA, for Meridian Securities Intern. Ltd.

### DECISION AND ORDER DENYING DEFENDANT MERIDIAN'S MOTION TO DISMISS

HAUK, District Judge.

This matter came on regularly for hearing before this Court on April 10, 1995 before the

Honorable A. Andrew Hauk, United States District Judge. This Court has fully considered all legal points and authorities, and arguments and now makes and enters its DECISION and ORDER.

## INTRODUCTION

Plaintiff, MTC Electronic Technologies Co., Ltd ("MTC"), a Canadian Corporation, has brought suit against Miko Leung, *et al.* under the Securities Exchange Act of 1934, 15 U.S.C. § 78a, *et seq.* (" '34 Act"). One of the defendants, Meridian Securities International Limited ("Meridian"), has moved this Court to dismiss the action against it based upon the following grounds:

(1) Lack of personal jurisdiction [Fed. R.Civ.P. 12(b)(2) ];

(2) *Forum non conveniens;* and

(3) Failure to state a claim upon which relief can be granted [Fed.R.Civ.P. 12(b)(6) ].

Meridian is a brokerage house organized under the laws of Canada based in Toronto, Canada. Plaintiff and responding party, MTC, is also a Canadian corporation with its head office located in Richmond, British Columbia. MTC's stock is traded solely on the National Association of Securities Dealers Automated Quotations ("NASDAQ") Exchange, and over 90% of MTC's shareholders are U.S. residents.

MTC alleges in its First Amended Complaint that certain malfeasant executives, in violation of their fiduciary duties, fraudulently induced MTC into granting options to non-existent electronic engineers to purchase its stock at one penny per share. These "engineers" were allegedly planning to introduce cellular phone technology to Mainland China. Taking these options, the malfeasant executives allegedly arranged to have hundreds of thousands of shares in MTC stock issued to the "engineers" and after issuance the malfeasant executives then affixed and indorsed signatures of the "engineers" on the back of each stock certificate. (First Amended Compl. ¶¶ 66,69). Based upon these allegedly fraudulent indorsements, the validity of the certificates were later guaranteed by Meridian and then sold on the NASDAQ Ex-

change, causing injury to MTC and hundreds of MTC's United States shareholders. MTC further alleges that Meridian knew or should have known that these shares had been fraudulently obtained, indorsed and negotiated for the benefit of defendants Miko and Sit Wa Leung and their co-conspirators, all to the detriment of MTC. Based upon these allegations, MTC asserts the following federal claim against Meridian: violation of section 10(b) of the '34 Act and Securities and Exchange Commission ("SEC") Rule 10b–5. In addition, MTC asserts the following supplemental state claims: fraud and deceit; breach of fiduciary duty; negligence; conversion; and equitable indemnification.

## DISCUSSION

I. *Meridian's Motion to Dismiss for Lack of Personal Jurisdiction*

Meridian has moved to dismiss the First Amended Complaint on the grounds that Meridian is not subject to the exercise of personal jurisdiction by this Court. The issue is not the mode or adequacy of the service of process, but rather whether the Court can exercise any jurisdiction over the defendant at all.

The Court has exercised its discretion to receive evidence on this motion through declarations and discovery material. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977). For purposes of this motion, this Court considers the pleadings, declarations and evidence in the light most favorable to plaintiff with all doubts resolved in plaintiff's favor. *Metropolitan Life Insurance Co. v. Neaves,* 912 F.2d 1062, 1064 n. 1 (9th Cir.1990). In order to defeat the instant motion, MTC need only make a prima facie showing that the Court may exercise personal jurisdiction over the defendant. *Data Disc, Inc., supra,* 557 F.2d at 1285.

Section 27 of the '34 Act, 15 U.S.C. § 78aa, as interpreted by the Ninth Circuit, provides that personal jurisdiction over a foreign defendant exists in any U.S. district court if the foreign defendant has minimum contacts anywhere within the United States. *Securities Investor Protection Corp. v. Vig-*

*man*, 764 F.2d 1309, 1316 (9th Cir.1985), *rev'd on other grounds, sub nom. Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992); *Cf. Semegen v. Weidner*, 780 F.2d 727, 730 (9th Cir.1985); *Washington Pub. Util. Group v. District Court*, 843 F.2d 319, 328 (9th Cir.1987). As such, defendant need not have contacts with the particular state in which the federal court hearing the case is located.

■ It is a well settled rule of law that in evaluating whether a defendant has minimum contacts with the forum, the court will look at the quantity and nature of the defendant's contacts with the forum, their connection with the cause of action, and the interest of the forum in protecting its citizens. *See* 4 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1067 (1994). The contacts cannot be accidental; the defendant must have "purposely availed" himself of the privilege of conducting activity in the forum. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Personal jurisdiction is thus conferred if the defendant has minimum contacts with the forum and if warranted by fair play and substantial justice. *Id.* The following three-part test is applied to determine whether the defendant has "minimum contacts" with the forum:

1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

2. The claim must be one which arises out of or results from the defendant's forum-related activities.

3. The exercise of jurisdiction must be reasonable.

*Haisten v. Grass Valley Medical Reimbursement*, 784 F.2d 1392, 1396–97 (9th Cir.1986). Further, the Supreme Court has ruled that within the rubric of "purposeful availment," jurisdiction may be exercised over a defendant whose only contact with the forum is the "purposeful direction" of a foreign act which has an effect in the forum. *See, e.g., Calder v. Jones*, 465 U.S. 783, 789, 104 S.Ct. 1482, 1486–87, 79 L.Ed.2d 804 (1984).

■ Meridian argues that it has not purposefully directed its activities so as to have an effect in the United States. (Motion at 5). John Crane, Meridian's President, declares that Meridian did not "trade" the allegedly fraudulent share certificates, but instead acted "solely as the agent for [defendant] First Canada to clear and settle the trades on their behalf." (Crane Decl. ¶ 5). However, it appears that Meridian's involvement in the alleged stock fraud was more extensive than merely administering the trades. Specifically, on seven of the share certificates Meridian guaranteed the authenticity of the allegedly forged signatures, and on three of the certificates they verified that the registered holders and the persons who signed the share certificates were "one and the same." (Cairl Decl., Exhibits A & D). Thus, by certifying these share certificates Meridian purposefully rendered negotiable these shares of stock in the United States via the NASDAQ Exchange in New York. Therefore, in analyzing each of these acts individually and *in toto*, it appears that by rendering these fraudulent certificates negotiable, Meridian purposefully directed its activities so as to have an effect within the United States.

Additionally, under *Haisten* the claims asserted against the defendant must be ones which arise out of or result from the defendant's forum-related activities in order for this Court to exercise jurisdiction. *Haisten*, 784 F.2d at 1397. Here, MTC's claims against Meridian arise out of and result from Meridian's forum-related activities. (First Amended Compl. ¶¶ 40, 52, 107).

Moreover, this Court must ascertain whether it is reasonable for this Court to exercise its jurisdiction over Meridian. *Haisten*, 784 F.2d at 1397. According to the Supreme Court, "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105

S.Ct. 2174, 2184–85, 85 L.Ed.2d 528 (1985). Here, it is inconceivable that Meridian, a sophisticated brokerage house, did not know its actions would have effects reaching beyond the territorial boundaries of Canada. Instead, it is apparent that Meridian directed its activities at the United States and at those residents who were shareholders of MTC stock. Further, Meridian has failed to show that it would suffer any inconvenience from being forced to litigate in Los Angeles such that it would offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 320, 66 S.Ct. at 160. Therefore, this Court's exercise of jurisdiction over Meridian is reasonable.

Meridian's efforts to bring itself within the Second Circuit's holding in *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974 (2nd Cir.1975), *cert. denied, sub nom. Bersch v. Arthur Andersen & Co.*, 423 U.S. 1018, 96 S.Ct. 453, 46 L.Ed.2d 389 (1975), are unpersuasive. In *Bersch*, the Second Circuit declined to exercise personal jurisdiction over a Canadian company, finding that the company's involvement in the fraud, as well as its contacts with the United States were insufficient to confer personal jurisdiction. However, the *Bersch* decision is predicated upon facts that are distinguishable from those before this Court. *Bersch* involved the underwriting and sale of shares of stock "by a prospectus conforming to the laws of Canada and its provinces." *Bersch*, 519 F.2d at 980. All of the shares of stock in *Bersch* "were sold in Canada and none was sold to Americans resident there." *Id.* In the instant case, not only was the stock sold in the United States via the NASDAQ Exchange, but overwhelmingly the stock purchasers and others who were ultimately affected by the fraud were U.S. residents.

Therefore, the Court finds the following: Meridian purposefully directed its activities so as to have an effect within the United States, Plaintiff's claims arise out of and result from these forum-related activities, and the exercise of personal jurisdiction over Meridian is reasonable. As such, Meridian's motion to dismiss for lack of personal jurisdiction is DENIED.

II. *Meridian's Motion to Dismiss for Forum Non Conveniens*

Meridian, in moving to dismiss on the grounds of *forum non conveniens*, must show that there exists an adequate alternative forum and that the balance of private and public interest factors suggests that trial in the present forum chosen by plaintiff would be unnecessarily burdensome. *See Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 767 (9th Cir. 1991).

In this case, Meridian has not offered any facts to support its claim that a Canadian, or any other, forum could afford the plaintiff a remedy in this action. Further, Meridian has offered no evidence that either it or this Court would be unnecessarily burdened by defending the action here in Los Angeles. Meridian does not list a single witness who would have difficulty testifying in Los Angeles, nor any specific problems with producing the Canadian evidence in our Court. Moreover, the United States has a significant interest in having the case adjudicated in its own forum since the United States securities laws govern all securities fraud allegedly committed in transactions on the NASDAQ Exchange.

Accordingly, defendant's motion to dismiss on the grounds of *forum non conveniens* is DENIED.

III. *Meridian's Motion to Dismiss For Failure to State a Claim*

According to the United States Supreme Court, a complaint should not be dismissed for failure to state a claim for relief "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Moreover, all allegations of the complaint should be construed favorably to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Applying these standards to MTC's complaint, the Court rules on this motion, taking up separately each claim for relief as follows:

*Claim 1—Federal Securities Fraud (§ 10(b) of the '34 Act and SEC Rule 10b–5)*

█ Three essential elements must be adequately pleaded:

(a) conduct by the defendants proscribed by the rule;

(b) a purchase or sale of securities "in connection with" such proscribed conduct; and

(c) resultant damages to the plaintiff.

*Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1485 (9th Cir.1991).

█ In its complaint MTC alleges all the requisite facts. *First,* MTC alleges that Meridian knowingly sold the fraudulently obtained shares, knowingly participated in the fraudulent sale of the shares, and knew or should have known that the shares were fraudulently issued and negotiated. (First Amended Compl. ¶¶ 22, 40, 52, 74). *Second,* MTC alleges that the sale of securities on the NASDAQ Exchange was done in connection with the alleged misconduct. (First Amended Compl. ¶ 107). *Third,* MTC alleges that it was injured as a result of a conspiracy, which included the alleged actions by Meridian. (First Amended Compl. ¶ 108).

The three essential elements are adequately pleaded. Therefore, Meridian's motion with respect to MTC's first claim for relief is DENIED.

*Claim 4—Fraud and Deceit*

█ MTC alleges that Meridian knowingly participated in the fraud by assisting Miko Leung and/or Sit Wa Leung in selling their fraudulently obtained shares. (First Amended Compl. ¶ 135–6). MTC further alleges that Meridian knew that Miko Leung and/or Sit Wa Leung were making false and misleading statements and failed to inform MTC of this information even though they had an obligation of disclosure. *Id.* This claim for relief is adequately pleaded and the Court DENIES Meridian's motion to dismiss this claim of fraud and deceit.

*Claim 5—Breach of Fiduciary Duty*

Meridian argues that as "clearing brokers" they cannot be liable for breach of fiduciary duty. (Motion at 28). Meridian's argument requires the Court to enter into a factual analysis. However, at this stage the Court must restrict its analysis to the four corners of the complaint and refrain from delving into factual matters. Since this court refuses to engage in a secular transubstantiation by transforming this motion into one for Summary Judgment, this inquiry will have to wait.

█ In contrast to Meridian's self-characterization as "clearing brokers," MTC alleges that Meridian is indeed an investment broker and therefore a fiduciary. MTC maintains that Meridian's fiduciary duty stems from the trust and confidence that MTC placed in Meridian as a result of Meridian's representations of experience and expertise in conducting the business affairs of MTC. (First Amended Compl. ¶ 140). Further, MTC alleges that as a result of these representations Meridian has obligated itself to use special skill and knowledge in carrying out its business. *Id.* As Plaintiff has adequately alleged a fiduciary relationship and breach thereof, this motion to dismiss is hereby DENIED.

*Claim 6—Negligence*

█ California tort law requires five essential elements to be pleaded in order to bring a cause of action for negligence: duty, breach, actual cause, proximate cause, and damages. *Clarke v. Hoek,* 174 Cal.App.3d 208, 213, 219 Cal.Rptr. 845, 850 (1985).

█ MTC alleges that Meridian "owed a duty of care to MTC," that it breached its duty when it "failed to investigate the origin of the shares presented to them for sale by Miko and/or Sit Wa Leung" and that "as a direct and proximate result of the breach" MTC was harmed. (First Amended Compl. ¶ 145–48).

As such, this claim for relief has been adequately pleaded and the Court DENIES Meridian's motion to dismiss this claim of negligence.

*Claim 7—Conversion*

█ Conversion, under California law, is the wrongful interference with the dominion over ones ownership or right to property.

*Jordan v. Talbot,* 55 Cal.2d 597, 610, 12 Cal.Rptr. 488, 495, 361 P.2d 20, 27 (1961). No physical taking is required; instead, any wrongful interference will suffice. *Gruber v. Pacific States Savings & Loan Co.,* 13 Cal.2d 144, 88 P.2d 137 (1939). Further, any unauthorized sale or transfer of another's property constitutes conversion. *Cerra v. Blackstone,* 172 Cal.App.3d 604, 609, 218 Cal.Rptr. 15, 18 (1985).

■ MTC alleges the following: 1) that Meridian wrongfully exercised dominion and control over stock options and other assets of MTC; 2) that Meridian willfully and wrongfully disbursed and transferred MTC's funds without MTC's consent or authorization; 3) that Meridian conspired with other defendants to assist in the conversion of MTC's assets; and 4) that as a result of the wrongful interference MTC suffered damages. (First Amended Complaint ¶¶ 149–51).

As such, Plaintiff has adequately pleaded this claim, and the Court DENIES Meridian's motion to dismiss this claim of conversion.

*Claim 11—Equitable Indemnification*

■ If a party is compelled to pay damages or runs the risk of being compelled to pay damages to one who is wronged, which damages in good conscience should have been paid by the actual wrongdoer, then the party through equitable indemnification will have a cause of action against the wrongdoer for this liability in damages it has paid or owes to the plaintiff. *Herrero v. Atkinson,* 227 Cal.App.2d 69, 74, 38 Cal.Rptr. 490, 495 (1964). This duty to indemnify arises since the actual wrongdoer should not be able to escape liability.

■ MTC alleges that Meridian was in a position to terminate the alleged fraud by either disclosing their knowledge of the fraud or by refusing to participate in its perpetration. (First Amended Complaint ¶ 167–68). MTC further alleges that as a result of Meridian's nonfeasance and/or misfeasance it is now exposed to the risk of costly and protracted shareholder actions. *Id.* Based upon these allegations, if sustained and realized, MTC would be entitled to indemnification. Therefore, the Court DENIES Meridian's motion to dismiss this claim for equitable indemnification.

**IT IS SO ORDERED.**