EDMUND G. BROWN JR. Attorney General DIANE E. EISENBERG Deputy Attorney General
THE HONORABLE NOREEN EVANS, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Is the single document requirement for automobile sales contracts satisfied if the document consists of multiple pages that are attached to each other and integrated by means such as inclusive sequential page numbering (e.g., "1 of 4," "2 of 4," etc.)?
 CONCLUSION
The single document requirement for automobile sales contracts is satisfied if the document consists of multiple pages that are attached to each other and integrated by means such as inclusive sequential page numbering (e.g., "1 of 4," "2 of 4," etc.). *Page 2 
 ANALYSIS
Under California's Automobile Sales Finance Act (ASFA), [1]
automobile sales contracts must contain certain terms and disclosures[2]
for the protection of consumers.[3] In addition, certain provisions of such contracts are required to be prominently displayed in fonts of specified size, and in specified locations and sequences, again for the protection of consumers. On top of that, regulated sales contracts are required to be reproduced as a "single document,"[4] so that the necessary terms and notices may not be concealed from consumers by being shunted to an unseen appendix. The extensive formalities and requirements are mandatory, [5] and a contract that does not substantially conform to the requirements is unenforceable.[6] *Page 3 
Taking all of the rules into account, an automobile sales contract must now be approximately 24 inches long (printed on both sides) in order to contain all of the required provisions in their required sizes. This is an unwieldy size for a business document, and incompatible with standard office printing and reproduction machines. This incompatibility leads to significant trouble and expense for automobile dealers, as well as for those consumers who need to make or transmit copies of their sales contracts. We have been asked to determine whether the single-document rule would be satisfied if the document were to consist of multiple pages that are attached to each other and are properly integrated by appropriate means, such as inclusive sequential page numbering that presents the page numbers as "1 of 4," "2 of 4," and so forth.
In order to answer this question, we apply well established rules of statutory construction, looking first at the plain language of the relevant statutes with the aim of ascertaining the Legislature's intent.[7] To that end, we turn to Civil Code section 2981.9, which sets forth some of the requirements for conditional sale contracts governed by the Automobile Sales Finance Act:
 Every conditional sale contract subject to this chapter shall be in writing and, if printed, shall be printed in type no smaller than 6-point, and shall contain in a single document all of the agreements of the buyer and seller with respect to the total cost and the terms of payment for the motor vehicle, including any promissory notes or any other evidences of indebtedness.[8] *Page 4 
There is no definition in the ASFA of the term "single document." Nor do we find the term defined in other statutory schemes. Therefore, we look to the usual and ordinary meaning of the words, bearing in mind the context in which they are used.[9] The most relevant definition of "single" in this context is "a separate individual member of a large class of similar or identical objects."[10] The most relevant definition of "document" is "an original or official paper relied upon as the basis, proof, or support of something."[11] Thus, the term "single document" means a separate or individual official paper. Nothing in this definition suggests that the entirety of the document must be contained on one page or on one sheet of paper.
There is also no such suggestion in the few cases arising under consumer protection laws in which the rule is discussed. In Kroupa v.Sunrise Ford, the Court of Appeal decided that when a consumer traded in two vehicles, received a rebate from the dealer, and entered into a vehicle lease, all as part of the same negotiation, the three occurrences constituted a single transaction that should have been memorialized in a single document.[12] Other documents contained information about the rebate and the trade-ins, which affected the financing terms of the lease, but the lease did not. The absence of a single document that contained all the parties' agreements with respect to their obligations was held to constitute a violation of the single document requirement.[13] The Court did not state, however, that the required information all had to be contained on one sheet of paper. Earlier, in Morgan v.Reasor Corp., the California Supreme Court held that the single document requirement in the Unruh Act was not met where an installment contract and a promissory note were not physically attached to each other.[14]
Implicit in this holding is the notion that separate pages physically attached to each other may constitute a single document.[15] *Page 5 
Currently, the federal Truth in Lending Act (provisions of which are incorporated by reference into the ASFA[16]), does not include a single document requirement.[17] But case law construing a previous version of the Truth in Lending Act suggests that such a requirement was understood to be part of the earlier law, and some of these cases describe the requirement. For example, in finding a disclosure statement that simply said "refer to note" to be inadequate, the Ninth Circuit Court of Appeals stated:
 We think that this provision [former 15 U.S.C. § 1639(b)] means that the required disclosures can be made by including all required information in the instrument of indebtedness, not that some of the information can be disclosed in the disclosure statement while other information is disclosed in another document. The whole purpose of the Truth in Lending Act is to provide meaningful disclosure to a borrower. Such a goal is not met if the borrower must examine several documents to learn the terms of the loan agreement.[18]
It is apparent that these authorities deem the purpose of the single document rule to be the facilitation of the consumer's review of all of the parties' agreements before the consumer signs the sale or lease contract, so that the consumer has complete and accurate information. The rule also helps to avert later disputes about the terms of the parties' final agreement. While a single-sheet document, which forecloses the possibility of pages becoming detached, may serve these objectives well, the single document rule does not require that the document consist of only one sheet of paper. *Page 6 
Our conclusion is bolstered by a recent decision of the California Supreme Court, Alan v. American Honda Motor Co., Inc., in which the Court construed a particular rule of court to include a single document requirement, even though the term "single document" does not appear in the language of the rule.[19] As the Court stated,
 [W]e see no reason why the clerk could not satisfy the single-document requirement by attaching a certificate of mailing to the file-stamped judgment or appealable order, or to a document entitled "Notice of Entry." Obviously a document can have multiple pages. But the rule does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal.[20]
A rule of court is not drafted by the Legislature, and the rule at issue in the Alan case pertains to litigant protection, rather than consumer protection in the commercial arena. We nonetheless find it significant that, in applying ordinary principles of statutory construction to the rule, [21] the Court's view of the function of the single document requirement was the same as that of the Ninth Circuit inMorgan. And we find both cases relevant to, as well as consistent with, our understanding of the ordinary meaning of the term "single document."
Accordingly, we conclude that the single document requirement for automobile sales contracts is satisfied if the document consists of multiple pages that are attached to each other and integrated by means such as inclusive sequential page numbering (e.g., "1 of 4", "2 of 4", etc.).
[1] Civ. Code §§ 2981-2984.6.
[2] Civil Code section 2982 provides that a conditional sale contract subject to the ASFA must contain disclosures mandated by federal Regulation Z, 12 C.F.R. §§ 226.1-226.48 (2009). Regulation Z implements the Truth in Lending Act, which is found at 15 U.S.C. §§ 1601-1667f.
[3] See, e.g., Cerra v. Blackstone, 172 Cal. App. 3d 604, 608
(1985) ("The legislative purpose in enacting the [ASFA] was to provide more comprehensive protection for the unsophisticated motor vehicle consumer.").
[4] Civ. Code § 2981.9 (part of the ASFA).
Although our analysis focuses on automobile sales contracts, we note that the same language appears in other consumer sales statutes, and we have no reason to believe that our analysis would not apply to them as well. See Civ. Code § 2985.8 (part of the Vehicle Leasing Act, Civ. Code §§ 2985.7-2994); Civ. Code § 1803.2 (part of the California Retail Installment Sales Act).
[5] Civ. Code § 2982(m) states that the required terms "may" be printed according to the specified regulations. However, experts in the field and judicial decisions uniformly construe these consumer-protection rules as mandatory. See, e.g., Justice William Masterson (Retired), Justice Elizabeth Baron (Retired) Louise LaMothe, California Civil PracticeBusiness Litigation, § 58:11 (Thomson Reuters 2009); Cynthia L. Fatica,California Transactions Forms: Business Transactions Vol. 5, § 34:33 (Thomson Reuters 2009); Kunert v. Mission Fin. Serv. Corp.,110 Cal. App. 4th 242, 248 (2003).
[6] See Kunert v. Mission Fin. Serv. Corp., 110 Cal. App. 4th at 248.
[7] Orr v. City of Stockton, 150 Cal. App. 4th 622, 629 (2007); seealso Dyna-Med, Inc. v. Fair Empl. Hous. Commn., 43 Cal. 3d 1379,1386-1387 (1987).
[8] Emphasis added. See also Civ. Code § 2985.8(a) ("Every lease contract shall be in writing and the print portion of the contract shall be printed in at least 8-point type and shall contain in a single document all of the agreements of the lessor and lessee with respect to the obligations of each party."); Civ. Code § 1803.2 ("[E]very retail installment contract shall be contained in a single document that shall contain . . . [t]he entire agreement of the parties . . .")
[9] See Dyna-Med, 43 Cal. 3d at 1387.
[10] Webster's Third New International Dictionary of the EnglishLanguage (Unabridged) 2123 (Philip Babcock Gove, ed. in chief, Merriam-Webster Inc. 2002).
[11] Id. at 666.
[12] Kroupa v. Sunrise Ford, 77 Cal. App. 4th 835, 843 (1999) (as modified, Jan. 20, 2000).
[13] Id.
[14] Morgan v. Reasor Corp., 69 Cal. 2d 881, 892 (1968).
[15] The holding in Morgan is also consistent with a prior opinion issued by this office, as well as with the conclusion we reach herein. In45 Ops.Cal.Atty.Gen. 8 (1965), we assumed without discussion that a contract entered into pursuant to the Unruh Act would be violated if "a deed of trust that was attached as part of the contract were detached from the rest of the document by means of tearing along perforations or removal of staples." Id. at n. 9.
[16] See Civ. Code § 2982.
[17] Under federal Regulations M and Z, disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep." See 12 C.F.R. § 213.3 (Reg. M); 12 C.F.R. §§ 226.5, 226.17,226.31 (Reg. Z).
[18] Ljepava v. M. L. S. C. Prop. Inc., 511 F.2d 935, 942 (9th Cir. 1975).
[19] Alan v. Am. Honda Motor Co., Inc., 40 Cal. 4th 894, 903-905 (2007) (holding that the phrase "a document" in Cal. Rule of Court 8.104, which governs the timeliness of appeals in specified circumstances, means "a single, self-sufficient document satisfying all of the rule's conditions").
[20] Id. at 905 (emphasis added).
[21] Id. at 902 (ordinary principles of statutory construction govern interpretation of the Cal. Rules of Court). *Page 1